**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-21-00225-CR**
_____

**EDWARD RODRIGUEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 435th District Court
Montgomery County, Texas
Trial Cause No. 18-11-15694-CR

**MEMORANDUM OPINION**

Edward Rodriguez was convicted by a jury of evading arrest or detention with the use of a motor vehicle, and after the trial court found him guilty of committing two prior felonies, the judge sentenced him to 40 years in the Institutional Division of the Texas Department of Criminal Justice. *See* Tex. Penal Code Ann. §§ 38.04(a), 38.04(b)(2). We affirm.

Rodriguez's appellate counsel filed an *Anders* brief that presents counsel's professional evaluation of the record and concludes the appeal is frivolous; he then filed a motion to withdraw as counsel. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). Rodriguez was notified of his right to file a pro se brief, and he did so on January 6, 2023. The Court of Criminal Appeals has held that we need not address the merits of issues raised in an *Anders* brief or pro se response. *Bledsoe v. State,* 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). Rather, an appellate court may determine: (1) "that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error[;]" or (2) "that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues." *Id.*

We have reviewed the appellate record and Appellant's pro se response, and we agree with counsel's conclusion that no arguable issues support an appeal. Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We note, however, that the trial court's judgment contains a clerical error because it incorrectly states that Rodriguez was charged and convicted of an offense under section 38.04(b)(1) of the Texas Penal Code, whereas the jury's verdict reflects that he was convicted of a violation of section 38.04(b)(2). *See* Tex. Penal Code Ann. §§

38.04(b)(1), 38.04(b)(2). This Court has the authority to modify the trial court's judgment to correct clerical errors. *See* Tex. R. App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993). Accordingly, we modify the trial court's judgment to reflect that Rodriguez was convicted of violating section 38.04(b)(2) of the Penal Code. We affirm the trial court's judgment as modified.[1]

AFFIRMED AS MODIFIED.

_____
JAY WRIGHT
Justice

Submitted on February 28, 2023
Opinion Delivered March 22, 2023
Do Not Publish

Before Golemon, C.J., Horton and Wright, JJ.

---

[1] Rodriguez may challenge our decision in this case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.